

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 1:12-cv-00513

WILLEM ADAMS,
        Plaintiff,

v.

MODERNAD MEDIA, LLC, a Florida limited
liability company; 7657030 CANADA INC., a
Canadian corporation d/b/a ACQUINITY
INTERACTIVE; WARREN RUSTIN; and
GARRY JONAS,
        Defendants.

---

## DEFENDANT ACQUINITY INTERACTIVE'S ANSWER AND AFFIRMATIVE DEFENSES TO  PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW**, Defendant 7657030 Canada Inc. d/b/a Acquinity Interactive ("Acquinity" or "Defendant") and files its Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff Willem Adams ("Adams" or "Plaintiff"), and states:

### INTRODUCTION

1.      Paragraph 1 is a description of the causes of action Plaintiff has brought. Denied that Plaintiff is entitled to relief under any cause of action described by Plaintiff in Paragrah 1.

### JURISDICTION

2.      Admitted.

### VENUE

3.      Denied, because the allegations of Paragraph 3 do not give rise to venue in the District of Colorado under 28 USC § 1391(b), instead venue is proper in the Southern District of Florida.



## PARTIES

4.      Without knowledge as to the veracity of the first sentence of Paragraph 4 and therefore denies the same and demands strict proof thereof.  Acquinity admits that Plaintiff is a former employee of Defendant ModernAd Media.  As to other allegations, denied.

5.      Admitted.

6.      Admitted that Defendant 7657030 CANADA Inc. d/b/a Acquinity Interactive (hereafter "Acquinity") at times relevant to the Amended Complaint was a Canada corporation doing business in the United States of America, and maintained an office in Deerfield Beach, Florida.  As to other allegations, denied.

7.      Admitted.

8.      Admitted that Garry Jonas is an individual who resides primarily in Boca Raton, Florida and is the principal owner of Acquinity.  As to other allegations, denied.

## GENERAL ALLEGATIONS

9.      Acquinity reincorporates by reference its responses to Paragraphs 1-8.

10.      Admitted that at times relevant to the Amended Complaint ModernAd Media was an internet marketing company.  Denied as to Plaintiff's characterization of ModernAd Media's status and business operations following sale of certain assets in or about December, 2010. ModernAd Media and its operations are the subject of its Motion to Compel Arbitration, and Defendants Acquinity and Jonas affirmatively allege that the resolution of these and all other interrelated issues should be stayed and reserved pending resolution of that motion.

11.      Admitted.

12.     Admitted that Acquinity provides certain of the services listed by Plaintiff, and others.

13.     Admitted that Jonas is a Director of Acquinity; his supervisory authority as a Director is a matter of law to which no response is required.

14.     Admitted that co-registration is a process used to generate sales leads. All other allegations of Paragraph 14 are denied.

15.      Admitted that co-registration is an internet-based marketing practice.  As to other allegations, denied that Plaintiff's characterization of co-registration is comprehensive or accurate. All other allegation of Paragraph 15 are denied.

16.     Admitted.

17.     Without knowledge as to the veracity of Paragraph 17, including what Plaintiff means by "substantial experience", and therefore denies same and demands strict proof thereof.

18.     Without knowledge as to the veracity of Paragraph 18, and therefore denies the same and demands strict proof thereof.

19.     Without sufficient knowledge to confirm the veracity of Paragraph 19, and therefore denies the same and demands strict proof thereof.  Acquinity further avers that the factual allegations made are inter-related to and inter-connected with the subject matter of the arbitration sought by ModernAd Media.[1]  To avoid any inconsistent rulings in the factual allegations, Acquinity herein joins in the motion and requests a stay of any such determination until the arbitration is concluded or the motion is otherwise resolved (hereafter, the "Stay Request Pending Resolution of Arbitration Issues").

---

[1] The pending motions include the motion by Warren Rustin and ModernAd Media to stay counts I and II of the Amended Complaint and compel arbitration thereof, and related motion by Acquinity to transfer Counts III-V to the Southern District of Florida or in the alternative to stay counts III-V pending the conclusion of the arbitration.

20.     Admitted that Plaintiff was offered employment by ModernAd Media, the terms of which are stated in his employment agreement, which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, without sufficient knowledge to confirm the veracity, and therefore denies the same and demands strict proof thereof.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

21.     Admitted that Plaintiff was offered employment by ModernAd Media, the terms of which are stated in his employment agreement, which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, without sufficient knowledge to confirm the veracity, and therefore denies the same and demands strict proof thereof.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

22.     Without knowledge as to the veracity of Paragraph 22 and therefore denies the same and demands strict proof thereof.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

23.     Admitted that Plaintiff was offered employment by ModernAd Media, the terms of which are stated in his employment agreement, which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, without sufficient knowledge to confirm the veracity, and therefore denies the same and demands strict proof thereof.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

24.     Admitted that Plaintiff executed an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, the allegations call for a legal conclusion.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

25.     Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.   Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

26.     Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.  Denied that ModernAd "refused to negotiate as promised in the employment agreement."   As to other allegations, without knowledge as to the veracity of the balance of Paragraph 26 and therefore denies the same and demands strict proof thereof.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

27.     Denied that Plaintiff was entitled to a commission.   As to other allegations, without knowledge as to the veracity of the balance of Paragraph 27 and therefore denies the same and demands strict proof thereof.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues. All other allegations of Paragraph 27 are denied.

28.     Admitted that Plaintiff was not paid a commission.   Denied that Plaintiff was entitled to a commission.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues. All other allegations of Paragraph 28 are denied.

29.     Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.   To the extent the allegations call for a legal conclusion or restate legal provisions, they do not require a response. All other allegations of Paragraph 29 are denied.

30.     Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations,

calls for a legal conclusion which does not require a response.  All other allegations of Paragraph 30 are denied.

31.      Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, calls for a legal conclusion which does not require a response.  All other allegations of Paragraph 31 are denied.

32.      Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, calls for a legal conclusion which does not require a response.  All other allegations of Paragraph 32 are denied.

33.      Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, calls for a legal conclusion which does not require a response. All other allegations of Paragraph 33 are denied.

34.      Admitted that a sale of certain of ModernAd assets to Acquinity occurred in or about December, 2010.  As to other allegations, denied.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues. All other allegations of Paragraph 34 are denied.

35.      Admitted that a sale of certain ModernAd assets occurred pursuant to an asset purchase agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, without knowledge as to the veracity of the balance of Paragraph 35 and therefore denies the same and demands strict proof thereof.   Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

36.     Admitted that a sale of certain ModernAd assets occurred pursuant to an asset purchase agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, without knowledge as to the veracity of the balance of Paragraph 36 and therefore denies the same and demands strict proof thereof.   Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

37.     Without sufficient knowledge as to the veracity of Paragraph 37.   Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

38.     Without sufficient knowledge as to the veracity of Paragraph 38.   Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

39.     Without sufficient knowledge as to the veracity of Paragraph 39.   Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

40.     Without sufficient knowledge as to the veracity of Paragraph 40.   Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

41.     Denied.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

42.     Denied as stated, and by way of further Answer, Acquinity incorporates the terms of the Asset Sale Agreement. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

43.     Denied as stated, and by way of further Answer, Acquinity incorporates the terms of the Asset Sale Agreement. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

44.     Denied as stated, and by way of further Answer, Acquinity incorporates the terms of the Asset Sale Agreement. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

45.     Denied as stated, and by way of further Answer, Acquinity incorporates the terms of the Asset Sale Agreement. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

46.     Denied as stated, and by way of further Answer, Acquinity incorporates the terms of the Asset Sale Agreement. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

47.     Denied as stated, and by way of further Answer, Acquinity incorporates the terms of the Asset Sale Agreement. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

48.     Denied as stated, and by way of further Answer, Acquinity incorporates the terms of the Asset Sale Agreement. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

49.     Denied as stated, and by way of further Answer, Acquinity incorporates the terms of the Asset Sale Agreement. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

50.     Denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

51.     Denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

52.     Denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

53.     Denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

54.     Denied as stated, and to the extent it calls for legal conclusions, no response is required. By way of further Answer, Acquinity incorporates the terms of the Asset Sale Agreement. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

55.     Denied that Plaintiff is entitled to any payment, for which reason no payment has been made. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

56.     Admitted that a sale of certain ModernAd assets occurred pursuant to an asset purchase agreement which is incorporated herein by reference, and which agreement speaks for itself.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues. All other allegations of Paragraph 56 are denied.

57.     Admitted that a sale of certain ModernAd assets occurred pursuant to an asset purchase agreement which is incorporated herein by reference, and which agreement speaks for itself.  Plaintiff's employment with ModernAd terminated upon consummation of the asset sale; otherwise denied as stated. As to other allegations, without knowledge as to the veracity of the balance of the allegations and therefore denies the same and demands strict proof thereof. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

58.     Without knowledge as to the veracity of the allegations and therefore denies the same and demands strict proof thereof.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

59.     Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, calls for a legal conclusion which does not require a response. All other allegations of Paragraph 59 are denied.

60.     Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, calls for a legal conclusion which does not require a response.  All other allegations of Paragraph 60 are denied.

61.     Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, calls for a legal conclusion which does not require a response.  All other allegations of Paragraph 61 are denied.

62.     Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, calls for a legal conclusion which does not require a response. All other allegations of Paragraph 62 are denied.

63.     Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, calls for a legal conclusion which does not require a response.  All other allegations of Paragraph 63 are denied.

64.     Admitted that Plaintiff was subject to an employment agreement which is incorporated herein by reference, and which agreement speaks for itself.  As to other allegations, calls for a legal conclusion which does not require a response.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

65.     The allegations call for a legal conclusion which does not require a response; otherwise without knowledge as to the veracity of the allegations and therefore denies the same and demands strict proof thereof.   Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

66.     Denied as to the first sentence; without knowledge as to the second sentence and therefore denies the same.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues. All other allegations of Paragraph 66 are denied.

67.     Admitted that Plaintiff was retained as an independent contractor by Acquinity in or about January, 2011. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues. All other allegations of Paragraph 67 are denied.

68.     Admitted that certain duties performed or to be performed by Adams were similar to prior duties.   Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

69.     Admitted that Adams became an independent contractor. Without knowledge as to Plaintiff's knowledge and therefore denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues. All other allegations of Paragraph 69 are denied.

70.     Admitted that Adams became an independent contractor and reported to Acquinity's management in Florida.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues. All other allegations of Paragraph 70 are denied.

11

71.     Admitted that Plaintiff worked, in part, in an office in Colorado Springs that was leased by Acquinity, that Acquinity paid the rent on the office in Colorado Springs, and that Acquinity furnished and owned some of the equipment in the office.  As to other allegations, denied.

72.     Admitted that Plaintiff was paid by Acquinity for his work as an independent contractor.  As to other allegations, without sufficient knowledge and therefore denies the same and demands strict proof thereof.

73.     Without sufficient knowledge as to what is meant by "treated as an employee in all respects" (which calls for a legal conclusion) and therefore denies the same and demands strict proof thereof.  All other allegations of Paragraph 73 are denied.

74.     Admitted that Plaintiff worked for Acquinity as an independent contractor from on or about early January, 2011 through early December, 2011. All other allegations of Paragraph 74 are denied.

75.     Denied.

76.     Admitted that Plaintiff continued his independent contracting services for Acquinity into early December, 2011.  As to other allegations, denied.

77.     Denied.

78.     Admitted that on or about November 1, 2011, Plaintiff continued to work as an independent contractor for Acquinity.  As to other allegations, denied.

79.     Admitted that Plaintiff continued to perform work for Acquinity as an independent contractor after November 1, 2011.  As to other allegations, denied.

80.     Admitted that as part of his independent contracting work for Acquinity Plaintiff travelled from Colorado to Florida and New York for meetings with Acquinity employees and management.  As to the other allegations, denied.

81.     Denied as stated.  Further, the allegations as to where Plaintiff was paid call for a legal conclusion to which no response is required. All other allegations of Paragraph 81 are denied.

82.     Admitted that Plaintiff continued to work as an independent contractor for Acquinity through early December, 2011. Denied that Plaintiff performed as contemplated; and as to other allegations, denied.

83.     Admitted that Plaintiff continued to work as an independent contractor for Acquinity through early December, 2011.  As to other allegations, denied.

84.     Without sufficient knowledge to confirm the veracity of Paragraph 84, and therefore denies the same as stated and demands strict proof thereof.

85.     Denied.

86.     Denied.

87.     Without sufficient knowledge to confirm the veracity of Paragraph 87, and therefore denies the same as stated and demands strict proof thereof.

88.     Admitted Plaintiff was not paid the $27,692.31 referenced.  Denied that Plaintiff was entitled to be paid such amount, or characterization that Acquinity "failed and refused to pay" Plaintiff such amount. All other allegations of Paragraph 88 are denied.

89.     Admitted that Acquinity provided Plaintiff an agreement on or about November 23, 2011 which agreement speaks for itself.  As to other allegations, denied.

90.     Denied.

91.     Admitted that Mr. Tomalty provided Plaintiff an agreement on about November 23, 2011 which agreement speaks for itself.  As to other allegations, denied.

92.     Admitted.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

93.     Admitted that Mr. Tomalty sent Plaintiff a draft agreement to Adams for ModernAd, which agreement speaks for itself; otherwise, denied as stated.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

94.     The agreements speak for themselves.   As to other allegations, payment to Plaintiff by Acquinity beyond time worked was conditioned on him signing the agreement with Acquinity.   Without sufficient knowledge to confirm the veracity of other allegations, and therefore denies the same as stated and demands strict proof thereof.   Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

95.     Admitted that, to the knowledge of Acquinity, Plaintiff did not sign the agreements.  Without knowledge as to the veracity of the balance of Paragraph 95 and therefore denies the same and demands strict proof thereof.   Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

96.     Admitted that, to the knowledge of Acquinity, Plaintiff did not sign the agreement with Acquinity.  As to other allegations, denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

97.     Denied.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

98.     Denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

99.     Denied.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

100.    Denied.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

101.    Denied.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

102.    Admits that Rustin is the owner and managing member of ModernAd Media.  As to other allegations, including parts (a), (b), (c), and (d), denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

103.    Denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

104.    Denied.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

105.    Denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

106.    Admits that Jonas is an owner and director of Acquinity.  As to other allegations, including parts (a), (b), (c), and (d), denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

107.    Denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

108.    Denied. Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

109.    Denied.  Acquinity further incorporates the Stay Request Pending Resolution of Arbitration Issues.

## FIRST CAUSE OF ACTION – FRAUDULENT MISREPRESENTATION (AGAINST MODERNAD MEDIA AND WARREN RUSTIN)

110.    Acquinity realleges all prior responses and incorporates them herein.

As paragraphs 111-116 are directed to ModernAd Media and Warren Rustin, no response is required by Acquinity.  To the extent a response is required, the allegations in these paragraphs are denied.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT (AGAINST MODERNAD MEDIA AND WARREN RUSTIN)

117.    Acquinity realleges all prior responses and incorporates them herein.

As paragraphs 118-122 are directed to ModernAd Media and Warren Rustin, no response is required by Acquinity.  To the extent a response is required, the allegations in these paragraphs are denied.

## THIRD CAUSE OF ACTION – BREACH OF CONTRACT (AGAINST ACQUINITY AND JONAS)

123.    Acquinity realleges all prior responses and incorporates them herein.

124.    Admitted that claim is pled alternatively with Plaintiff's Fourth Cause of Action. Denied that Plaintiff is entitled to any relief arising from such claim.

125.    Admitted that Plaintiff worked for Acquinity as an independent contractor.  As to other allegations, denied.

126.    Admitted that Plaintiff worked for Acquinity as an independent contractor through early December, 2011.  As to other allegations, denied.

127.    Denied.

16

128.    Denied.

129.    Denied.

130.    Admitted that Acquinity did not pay Plaintiff "through December 31, 2011".  As to other allegations, denied.  Denied that Plaintiff was entitled to be paid.

131.    Denied.

**FOURTH CAUSE OF ACTION – RELIEF PURSUANT TO THE DOCTRINE OF PROMISSORY ESTOPPEL (AGAINST ACQUINITY)**

132.    Acquinity realleges all prior responses and incorporates them herein.

133.    Admitted that claim is pled alternatively with Plaintiff's Third Cause of Action. Denied that Plaintiff is entitled to any relief arising from such claim.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied, including parts (a) through (e) of Paragraph 137.

138.    Admitted that Acquinity did not pay Plaintiff "through December 31, 2011".  As to other allegations, denied.  Denied that Plaintiff was entitled to be paid.

139.    Denied.

**FIFTH CAUSE OF ACTION – INTENTIONAL INTERFERENCE WITH CONTRACT (AGAINST JONAS)**

140.    Acquinity realleges all prior responses and incorporates them herein.

As paragraphs 141-146 are directed to Jonas, no response is required by Acquinity in light of the pending motion to dismiss of Count V by Jonas.

**PRAYER FOR RELIEF**

Admitted that Plaintiff requests the relief stated in (a) through (h).  Denied that Plaintiff is entitled to any such relief.

Each and every allegation not expressly admitted herein is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense-Failure of Consideration

1.     Plaintiff claims he is entitled to payment of compensation "through the end of December, 2011" but that he only worked "through the end of November and into early December, 2011."  Accordingly, there is an admitted failure of consideration for the alleged damages owed.

### Second Affirmative Defense-Excuse by Breach of Contract

2.     Plaintiff failed to perform the duties required of him by Acquinity.  Accordingly, he breached the alleged contract between Acquinity and him which excuses any performance by Acquinity.

### Third Affirmative Defense-Failure to Mitigate

3.     Plaintiff has not alleged any efforts to mitigate his damages, for example, by seeking alternative employment after his alleged improper termination of employment by Acquinity.  Accordingly, Plaintiff's alleged damages must be reduced or struck in light of his failure to mitigate.

### Fourth Affirmative Defense-Incorrect Venue

4.     Plaintiff brought this action in the incorrect venue.  Counts III and IV should be transferred to the Southern District of Florida because of the location of the witnesses, sources of proof, and other factors as stated in Acquinity's pending motion to transfer and/or to stay.

18

**Fifth Affirmative Defense-Counts III-IV Against Acquinity Should Be Stayed Due to Related Arbitration**

5.      Counts I-II of the Amended Complaint against ModernAd Media are subject to arbitration pursuant to Plaintiff's employment agreement, and as stated in ModernAd Media's pending motion to stay litigation and compel arbitration.  Counts III-IV against Acquinity should be stayed until the conclusion of the arbitration or resolution of the motion to compel arbitration because of the inter-related and inter-connected factual allegations between Counts III-IV, and Counts I-II that are subject to arbitration, and the resulting risk of inconsistent rulings, as stated in Acquinity's pending motion to transfer and/or to stay.

**Sixth Affirmative Defense-Punitive Damages Cannot Be Pled Under Colorado Law At This Time**

6.      Florida substantive law governs this action.  However, to the extent the Court finds Colorado law governs damages, Plaintiff cannot pray for punitive damages at this time before initial disclosures are complete.

7.       Acquinity reserves the right to plead additional affirmative defenses as discovery in this matter occurs and pending the outcome of the arbitration sought in the motion to compel arbitration relating to Counts I-II, as well as Count V.

WHEREFORE, Defendant Acquinity, requests that Plaintiff First Amended Complaint against it be dismissed with prejudice as to all counts alleged against Acquinity (Counts III and IV), and that this Court grant Acquinity  all such other and further  relief it deems just and proper as may be available to Acquinity.

Respectfully submitted,

LYDECKER | DIAZ, LLC
*Attorneys for Defendant 7657030 Canada Inc. d/b/a*
*Acquinity Interactive*
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Tel: (305) 416-3180; Fax: (306) 416-3190


By: /s/ Carla Barrow
    CARLA BARROW
    Florida Bar No. 797227
    Email:cmb@lydeckerdiaz.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via the CM/ECF electronic filing system on this 14th day of May, 2012, to the individuals listed on the Service List.


/s/ Carla Barrow
CARLA M. BARROW

## Service List

Ian D. Kalmanowitz, Esq.
Cornish & Dell'Olio, P.C.
431 North Cascade Avenue
Colorado Springs, Colorado 80903
Tel: 719.475.1204
Fax: 719.475.1264
Email: ikalmanowitz@cornishanddellolio.com
*Attorneys for Plaintiff Willem Adams*

Scott C. Sandberg, Esq.
Snell & Wilmer
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Tel: 303.634.2000
Fax: 303.634.2020
Email: *ssandberg@swlaw.com*
*Attorney for Defendants,*
*ModernAd Media, LLC and Warren Rustin*