IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00513-PAB-MEH

WILLEM ADAMS,

    Plaintiff,

v.

MODERNAD MEDIA, LLC, a Florida Limited Liability Company,
7657030 CANADA INC., a Canadian Corporation d/b/a Acquinity Interactive,
WARREN RUSTIN, and
GARRY JONAS,

    Defendants.

## ORDER

This matter is before the Court on the Motion for Default Judgment [Docket No. 11] filed by plaintiff Willem Adams. Plaintiff requests that the Court enter judgment by default against defendant ModernAd Media, LLC ("ModernAd").

On January 19, 2012, plaintiff filed this action in the District Court for the County of El Paso, Colorado. Docket No. 1-2. In the complaint, plaintiff asserts claims of fraudulent misrepresentation and breach of contract against defendant ModernAd. Docket No. 1-2 at 17-18. Plaintiff served ModernAd with a summons and complaint on January 30, 2012. Docket No. 11 at 7. ModernAd failed to answer or file a response to the complaint within 21 days of January 30, 2012.[1] Docket No. 11 at 2. On February 24, 2012, pursuant to Rule 55 of the Colorado Rules of Civil Procedure, plaintiff filed

---

[1] Under Rule 12(a) of the Colorado Rules of Civil Procedure, a defendant must "file his answer or other response within 21 days after the service of the summons and complaint on him." Colo. R. Civ. P. 12(a).

the present motion for default judgment in the District Court for the County of El Paso, Colorado. *See* Docket No. 11. On February 28, 2012, before the state court could issue an order, ModernAd removed the case to this Court. Docket No. 1.

When a case is removed, the federal court takes the case in its current posture and treats previously entered orders as its own. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 108 (2d Cir. 2006) (finding that removed cases arrive in federal court in the procedural posture they had in state court). In *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423 (1974), the Supreme Court stated that "[j]udicial economy is promoted by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court." *Id*. at 435-36. The Supreme Court also noted that the "Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal." *Id*. at 438. Because plaintiff filed the motion for default in state court, he is not required to re-file his motion. *Id.* at 435-36; *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).

Under the Federal Rules of Civil Procedure, to obtain a judgment by default, a party must follow the two-step process described in Rule 55. Fed. R. Civ. P. 55. First, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *See Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d

Cir. 1981). Failure to successfully complete the first step of obtaining an entry of default necessarily precludes the granting of default judgment at step two. *See Williams*, 1995 WL 365988 at *1; *Nasious v. Nu-Way Real Estate*, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008). This process serves to ensure that a defendant in default has a chance to seek relief from the entry of default or otherwise attempt to participate in the litigation. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444-45 (10th Cir. 1983) (noting that a threat of a judgment by default ensures a workable system of justice as it holds parties and their attorneys accountable for observing the courts' rules of procedure).

Here, because of the procedural posture of the case, plaintiff did not seek an entry of default from the Clerk of the Court. However, in order to comply with Rule 55(a), he must do so now. Plaintiff's request for a default judgment is therefore "denied as premature" for failure to comply with Rule 55(a). *AAA National Maintenance v. City and County of Denver*, No. 09-cv-00007-REB-MEH, 2009 WL 1799127, at *1 (D. Colo. June 23, 2009).

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Default Judgment Against Defendant ModernAd Media, LLC [Docket No. 11] is **DENIED**.

DATED July 25, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge